UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KLAUS NJI,                          §
*Plaintiff*                         §
                                    §
v.                                  §    No.  1:25-CV-00324-ADA
                                    §
SMARTSHEET, INC,                    §
*Defendant*                         §

## ORDER

Before the Court is Plaintiff Klaus Nji's partially opposed motion to extend the discovery deadline, Dkt. 27, and all related briefing. Nji states that because Defendant Smartsheet, Inc.'s ("Smartsheet") "[fell] far short of what Plaintiff expect[ed]" and Nji could not conduct any depositions until document-production issues were resolved, the parties could not meet the February 13, 2026, discovery deadline. *Id.* at 1-2. Nji requested that the Court extend discovery by 98 days and modify other deadlines accordingly. *Id.* at 3. Smartsheet agreed to a 30-day extension on the condition that the parties' dispositive motion deadline, currently set for April 16, 2026, also be extended for 30 days. *Id.* at 2; *see* Dkt. 21. For the first time in his reply, Nji asks the Court to vacate the scheduling order and suspend all deadlines until the Court rules on his pending motion to amend. Dkt. 30, at 5.

Under Federal Rule of Civil Procedure 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot be reasonably met despite the diligence of the

1

party needing the extension." *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks omitted).

Nji explains he failed to timely comply with the scheduling order due to the volume of Smartsheet's production, alleged deficiencies in the production, delay in the production, and the Christmas and Thanksgiving holidays. Dkt. 27, at 1-2. Yet Nji received Smartsheet's responses in November 2025 but waited until a week before the close of discovery to serve Smartsheet with a deficiency letter and request a conference. *Id.* at 2; Dkt. 28, at 2. In his reply, Nji states the modification is important because "it will help Plaintiff have a fair and adequate opportunity for his claims to be determined on the merits." Dkt. 30, at 4. He states that Smartsheet will not be prejudiced by the extension because existing deadlines can also be extended. *Id.* Finally, Nji notes that the parties have agreed to a limited continuance to cure any prejudice. *Id.* Smartsheet responds that Nji's conduct does not establish diligence and identifies no reasons he could not have served follow-up discovery in a timely manner or scheduled depositions while the parties discussed any alleged deficiencies. Dkt. 28, at 5.

The Court will grant in part and deny in part Nji's request. While the Court sympathizes with Nji to the extent Smartsheet's production was unusually or unexpectedly voluminous, Nji offers no convincing explanation for his failure to timely review Smartsheet's production or engage in follow-up discovery during the nearly three months between Smartsheet's production and the discovery deadline. *See Squyres*, 782 F.3d at 237. Nji's failure to request a conference with Smartsheet regarding the alleged deficiencies any earlier than he did demonstrates Nji could have been more diligent in reviewing the production. *See id.* Nji's remark that allowing a 98-day extension would help him "have a fair and adequate opportunity for his claims to be determined on the merits" is also unconvincing because it does not identify why an extension is important in Nji's case, specifically. *See* Dkt. 30, at 4; *id.*

The Court finds that Smartsheet would be prejudiced by a 98-day delay and especially by any vacatur of the scheduling order given that the dispositive motions deadline is quickly approaching and this case is set for trial in the fall. *See* Dkt. 21; *Squyres*, 782 F.3d 224 at 237. However, the Court finds that a limited continuance to extend the discovery and dispositive motions deadlines would facilitate the completion of any outstanding discovery while allowing the Court enough time to rule on the parties' dispositive motions ahead of trial. *See id.*

Accordingly, **IT IS ORDERED** that the discovery deadline in this case is extended to April 30, 2026. **IT IS FURTHER ORDERED** that the dispositive

motions deadline is extended to May 29, 2026. All other deadlines will remain unchanged.

SIGNED April 8, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE