UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KLAUS NJI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-00324-ADA-DH** |
| | § | |
| **SMARTSHEET, INC.,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiff Klaus Nji's motion for extension of time to amend complaint, Dkt. 29, motion to amend complaint, Dkt. 31, and all related briefing. After considering the motion and the relevant law, the Court will deny the motion to amend, Dkt. 31, and deny the motion for extension of time, Dkt. 29, as moot.

## I.    BACKGROUND

Nji's original complaint alleged violations of the Family and Medical Leave Act ("FMLA"), discrimination under 42 U.S.C. § 1981, fraudulent misrepresentation, and violations of the Employee Retirement Income Security Act. Dkt. 1. Defendant Smartsheet, Inc. ("Smartsheet") moved to dismiss, and the District Judge referred that motion to the undersigned. Dkt. 12. In his response to the motion, Nji requested leave to amend his complaint if the Court found he had failed to state a claim. Dkt. 14, at 19. The undersigned recommended that the District Judge deny Smartsheet's motion with respect to Nji's FMLA retaliation claim, allow amendment as to the FMLA retaliation claim only, and grant Smartsheet's motion to dismiss as to all of Nji's other claims. Dkt. 17. With respect to the section 1981 claim, the undersigned

1

recommended dismissal on the basis that Nji failed to identify specific instances where a non-minority employee received different treatment. *Id.* at 9-10. Nji did not object to the report, and the District Judge adopted the recommendations. Dkt. 20. Nji then filed an amended complaint as to his FMLA retaliation claim only. Dkt. 22.

The parties' agreed deadline to amend pleadings elapsed on November 13, 2025. Dkt. 21. In February 2026, Nji filed his motion for extension of time to amend the complaint, Dkt. 29, and motion to amend the complaint, Dkt. 31. Nji argues the Court should give him leave to amend because Smartsheet served its discovery on November 17, 2025, and after reviewing that production, Nji "has discovered information that supports a claim for race discrimination" under section 1981. Dkt. 29, at 2; *see* Dkt. 31. Nji states he worked diligently to review the production but was unable to complete this process until February 2026. Dkt. 29, at 3.

In his motion to amend, Nji proposes adding the following allegations, which he contends he discovered in reviewing Smartsheet's production: First, that Nji asked Smartsheet employee Gavriella Gold a question about his compensation and, in response, Gold "mocked [Nji] in a derogatory manner in text message exchanges" with another Smartsheet employee, Ivo Yueh, "using emojis that imply that [Nji] was inferior and undeserving of his job." Dkt. 31-1, at 9. Nji states that Gold "did not subject other similarly situated Caucasian employees to such ridicule." *Id.* at 9-10. Second, because of Nji's race, Gold "required [Nji] to micromanage some of his direct reports in an aggressive manner to the point where some of them complained of unlawful harassment." *Id.* at 10. Nji states that after he was terminated, the

employees "were managed in a compassionate and less aggressive manner as [Nji] had first attempted to do." *Id.* at 10.

## II.    LEGAL STANDARD

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "This is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order." *Id.* "Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Only upon the movant's demonstration of good cause to modify the schedule order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Further, the

Fifth Circuit has adopted a four-factor analysis to address good cause as to "untimely motions to amend pleadings." *Id.* at 536. In determining whether good cause is shown, the Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422 (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)). The analysis likewise applies to leave sought for the purpose of adding new parties. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (finding no abuse of discretion where the district court denied a request to add a new party for failure to show good cause).

### III.   ANALYSIS

Because the Court finds amendment of Nji's complaint would be futile even if he demonstrated good cause to set aside the scheduling order, the Court will deny Nji's motion to amend, Dkt. 31, and deny Nji's motion for extension of time, Dkt. 29, as moot.

Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)) ("[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting

the motion would cause prejudice, or amendment would be futile."). Under Rule 15, there are five considerations to determine whether to grant a party leave to amend a complaint: (1) "undue delay"; (2) "bad faith or dilatory motive"; (3) "repeated failure to cure deficiencies by amendments previously allowed"; (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment"; and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). District courts have discretion to deny leave to amend when amendment would be futile. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). A proposed amendment is futile if it fails to state a claim on which relief could be granted. *Id.*

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To plead a claim under section 1981, Nji must allege that: (1) he is a member of a racial minority; (2) Smartsheet had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute—in this case, the making and enforcing of Nji's employment contract. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

The Court finds Nji does not satisfy the Rule 15(a) standard because amendment would be futile. Nji's amended complaint would add allegations in support of a section 1981 claim that the Court already dismissed and fails to cure the

deficiencies the undersigned identified in Nji's original complaint. *See* Dkts. 17; 20. Namely, Nji again fails to plead discriminatory intent.

First, a plaintiff fails to plead discriminatory intent when he fails to identify "specific instances" where a non-minority employee received different treatment. *Body by Cook*, 869 F.3d at 387 (holding that plaintiffs failed to plead discriminatory intent when they "fail[ed] to identify … specific instances when [plaintiffs] [were] refused a contract but a similarly situated non-minority owned body shop was given a contract"). Nji proposes to add allegations that Gold mocked Nji using emojis and "did not subject other similarly situated Caucasian employees to such ridicule." Dkt. 31-1, at 9-10. Nji's generalized statement that Gold did not subject similarly situated white employees to the same treatment, absent any specific facts as to where and when a white employee was treated differently, cannot support a section 1981 claim. *See Body by Cook*, 869 F.3d at 387.

Second, Nji proposes adding an allegation that "unlike white managers," Gold "required [Nji] to micromanage some of his direct reports in an aggressive manner to the point where some of them complained of unlawful harassment." Dkt. 31-1, at 10. Again, Nji's unsupported assertion that he was treated "unlike white managers" fails to identify any specific instance in which a non-minority manager received different treatment. *Body by Cook*, 869 F.3d at 387. While Nji states that his former direct reports "were managed in a compassionate and less aggressive manner as [he] had first attempted to do," this allegation is similarly unspecific and goes to Smartsheet's treatment of reporting employees, not white managers. *See* Dkt. 31-1, at 10. Nji's

later, standalone statement that "Defendant treated other similarly situated Caucasian or non-black employees more favorably than Plaintiff" fairs the same. *See id.*

Even assuming Nji could show good cause to set aside the Court's scheduling order under Rule 16(b), his proposed amendment would be futile. Therefore, the Court will deny Nji's motion to amend, Dkt. 31, and deny Nji's motion for an extension of time to amend, Dkt. 29, as moot.

## IV.   CONCLUSION

Based on the forgoing discussion, it is **ORDERED** that Nji's motion to amend, Dkt. 31, is **DENIED**.

**IT IS FURTHER ORDERED** that Nji's motion for extension of time to amend, Dkt. 29, is **DENIED** as **MOOT**.

SIGNED April 16, 2026.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE